IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TORREY COLEMAN; CHARLES RICE; ANTONIO ELLISON; CODY HUMPHREY; TRAYON DUNBAR; DAVID E. ROBERTS; KADEEM R. TERRY; THOMAS YOUNG; and RAUL RANGEL-ALVAREZ[1], | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 320-079 |
| TIM WARD, Commissioner; DIRECTOR SHEPPARD; JERMAINE WHITE, Warden; DEPUTY WARDEN WICKER; DEPUTY WARDEN KEITH; and DEPUTY WARDEN BEASLEY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiffs, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, have submitted to the Court for filing a civil complaint. Plaintiffs are proceeding *pro se* and have filed separate motions to proceed *in forma pauperis* ("IFP"). (Doc. nos. 2-10.)

**I.   BACKGROUND**

Plaintiffs commenced this case by submitting an eight-page complaint, along with several attachments, including a proposed order to show cause for a preliminary injunction and restraining order, to the Clerk of Court in the Southern District of Georgia. (See generally doc. no. 1.) Generally, Plaintiffs' complaint raises claims under 42 U.S.C. § 1983 against Defendants regarding unsafe prison conditions at TSP. All Plaintiffs filed separate

---

[1] The Court **DIRECTS** the **CLERK** to update the docket in accordance with the caption of this Order, which is consistent with www.dcor.state.ga.us/GDC/Offender/Query.

motions to proceed IFP.  (See doc. nos. 2-10.)  Plaintiffs also jointly filed a Motion for Appointment of Counsel and proposed summons.  (Doc. nos. 11-12.)

## II.	DISCUSSION

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions."  Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001).  In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation."  Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)).  The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP.  Id. at 1198.  The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'"  Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)).

Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA.  Id. at 1197-98.  That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."  Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).  The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ."  Id.  Therefore, the "district court properly dismissed the multi-plaintiff action in this instance."  Id.

However, the Court recognizes Plaintiffs are proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs in separate cases.  In accordance with the procedure affirmed by the Eleventh Circuit in Hubbard, the Court **REPORTS** and

**RECOMMENDS** the above-captioned case be **DISMISSED** without prejudice, the **CLERK** be **DIRECTED** to file and docket the instant complaint in nine new lawsuits, with the same filing dates and nine separate case numbers, and the **CLERK** be **DIRECTED** to file and docket Plaintiffs' motion for appointment of counsel, proposed summons, and individual motions to proceed IFP in the new case number associated with them.

SO REPORTED and RECOMMENDED this 11th day of December, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA